ANNIE C. WALTHER, EXECUTRIX, RESPONDENT, v. AMERICAN PAPER COMPANY, APPELLANT.

Argued July 5, 1916—Decided November 20, 1916.

On appeal from the Supreme Court.

Proceeding under the Workmen's Compensation act. The decedent was a night watchman in a mill. At nine p. m. he "was making a tour through the mill, recording his passage by ringing in or registering on his watchman's clock, and while going from one station to another stopped to close a door opening from the mill to a loading platform adjacent to a railroad switch. This was a sliding exterior door hung on wheels or pulleys. As Walther leaned down against the handle of the door to roll it 'shut, he was struck upon the head with a club by a person who had entered the mill and hidden himself behind some rolls of paper near the said door, and near an interior door through which Walther was accustomed to pass in making a tour of the mill. Walther died immediately and the assailant took from Walther's vest pocket his pay envelope containing about $15. The assailant was an employe of the trustee in bankruptcy at the plant of the American Paper Company, at Bogota, and had been paid off on the said 24th of December, 1914, earlier in the day. After being paid off, he had lost all of his money except fifty cents in a crap game. He knew that Walther had been paid off that day and would probably have the money in his pocket. The assailant's purpose in going to the mill at night and hiding in it was to rob Walther, and he did not attempt any robbery from the office of the mill, or any destruction of the mill property or any mischief or crime other than the robbery of Walther."

For the respondent, *William J. Morrison, Jr.*

For the appellant, *James D. Carpenter.*

PER CURIAM.

We think the death of Walther did not arise out of his employment. The case cannot be distinguished in this respect from *Hulley* v. *Moosbrugger*, 88 *N. J. L.* 161. We ought to add that our opinion in that case had probably not been published when the present case was decided by the judge of the Common Pleas. He relied on the opinion of the Supreme Court in that case, the reversal of which could hardly have been known publicly at the time. The judgment is reversed.

*For affirmance*—MINTURN, KALISCH, JJ.  2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.  9.