MARSHALL *v.* BAKER-VAWTER CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — AS-
SAULT BY FELLOW SERVANT—VOLUNTARY ACT.
    If one employee assaults another solely to gratify his feel-
    ing of anger or hatred, the injury results from the vol-
    untary act of the assailant, and cannot be said to arise
    either directly out of the employment or as an incident
    of it.

2. SAME—EVIDENCE—INFERENCES TO BE DRAWN.
    In proceedings under the workmen's compensation act,
    where plaintiff, while engaged in his duties as foreman
    of defendant's composing room, was shot in the back of
    the head by the janitor, also in the employ of defendant,
    and the testimony as to the cause of the shooting was in
    conflict, both the conflict and the inferences to be drawn
    from the testimony were for the industrial accident board.

3. SAME—COURSE OF EMPLOYMENT—FINDING OF BOARD.
    Where persons of equally good judgment might differ as
    to the inferences to be drawn from the testimony, the
    finding of the board that it was unable to discover the
    reason for the shooting and refusing plaintiff compensa-
    tion, will be affirmed, although the inference might have
    been drawn that the shooting arose out of the work in
    which plaintiff and his assailant were engaged; the bur-
    den of proof resting upon plaintiff.

4. SAME — FELLOW SERVANT — DANGEROUS PERSON — QUESTION OF
FACT.
    Although the assaulting employee had previously been sent
    to prison for assault, the finding of the board that it did
    not necessarily follow that he was such a person as de-
    fendant would not have the right to employ, *held*, justified
    by the evidence.

Certiorari to Industrial Accident Board. Submitted
April 23, 1919. (Docket No. 64.) Decided July 17,
1919.

Dennis M. Marshall presented his claim against the

Baker-Vawter Company and the London & Lancashire Indemnity Company, insurer, for injuries received in defendant's employ. From an order denying compensation, plaintiff brings certiorari. Affirmed.

*Ara Weldon* and *Cady & Andrews,* for appellant.

*Beaumont, Smith & Harris* and *Frank N. Crosby* (*Albert E. Meder,* of counsel), for appellees.

BIRD, C. J. Claimant was an employee of defendant, a printing or publishing house, in October, 1916. His work was that of foreman of the composing room. While engaged in his duties on the morning of October 3, 1916, he was shot in the back of the head by Harry Fields, a negro janitor, employed in the same place. He was taken to the hospital and remained there until October 17th, when he returned to his work and continued therein until April, 1917, when he gave up his position on account of impaired eyesight. The particular defect is that the lower portion of his field of vision is so affected that it seriously interferes with his regular work. He filed a claim with the industrial accident board and the committee of arbitration allowed him compensation, one member dissenting. An appeal to and hearing by the accident board resulted in a denial of plaintiff's claim. The board found that the accidental, personal injury sustained by the applicant did not arise out of or in the course of his employment. The proceedings are now before us for review on certiorari.

It was made to appear by the proofs that plaintiff was foreman of the composing room and as such had a right to give orders with reference to the janitor work therein; that in the event his orders were not carried out by the janitor he reported the matter either to Williams, the assistant superintendent, or McDuffie, the foreman of the janitor service. That a day

or so previous to the shooting plaintiff had reported the janitor for failure to obey his orders in cleaning up some portion of the room, and that he had on other occasions made similar complaints. It was further shown that the janitor had had difficulty with another employee and that two or three years previous to the shooting he had been convicted of assault with intent to do great bodily harm less than the crime of murder and sentenced to a term in Jackson prison. That he was subsequently paroled and took up his work again with defendant company. The janitor's testimony was taken by deposition in the prison. He was asked:

"*Q.* Was there any difference or trouble between you and Mr. Marshall?

"*A.* He did not want me to work there; he was always going to Mr. McDuffie and so Mr. McDuffie told him to leave me be, that I would do my own work.

"*Q.* Did you and Mr. Marshall have any trouble, or trouble of any kind, in regard to your work?

"*A.* No, sir. If he ever asked me to do anything I would go ahead and do it.   *   *   *

"*Q.* What was the real cause of your shooting Mr. Marshall?

"*A.* Because he made an attempt to shoot me."

It is the contention of plaintiff that his injuries arose out of and in the course of his employment and he relies on the following cases to sustain his position: *McNicol's Case*, 215 Mass. 497 (102 N. E. 697, L. R. A. 1916A, 306) ; *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310) ; *Mitchinson* v. *Day Bros.*, L. R. 1 K. B. 603, Workmen's Comp. Rep. (1913) 324; *Knopp* v. *Foundry Co.*, 186 Ill. App. 605; *Heitz* v. *Ruppert*, 218 N. Y. 148 (112 N. E. 750, L. R. A. 1917A, 344) ; *Ohio Building Safety Vault Co.* v. *Industrial Board*, 277 Ill. 96 (115 N. E. 149) ; *Carbone* v. *Loft*, 219 N. Y. 579 (114 N. E. 1062) ; *Missouri, etc., R. Co.* v. *Day*, 104 Tex. 237 (136 S. W. 435, 34 L. R. A. [N. S.] 111) ; *Thom* v. *Sinclair*, L. R. App. Cas. (1917) 127 (Ann. Cas. 1917D, 188) ; *Hollenbach Co.* v. *Hollenbach*, 181 Ky. 262 (204 S. W. 152).

Defendants argue that plaintiff's injury did not arise out of his employment, but was the result of personal vengeance on the part of Fields, and the following cases are cited to sustain their position: *Walther* v. *Paper Co.*, 89 N. J. Law, 732 (99 Atl. 263); *Schmoll* v. *Brewing Co.*, 89 N. J. Law, 150 (97 Atl. 723); *Union Sanitary Manfg. Co.* v. *Davis* (Ind. App.), 115 N. E. 676; *Jacquemin* v. *Manufacturing Co.*, 92 Conn. 382 (103 Atl. 115, L. R. A. 1918E, 496); *Hulley* v. *Moosbrugger*, 88 N. J. Law, 161 (95 Atl. 1007, L. R. A. 1916C, 1203); *Shaw* v. *Wigan Coal & Iron Co.*, 3 B. W. C. C. 81; *Clark* v. *Clark*, 189 Mich. 652.

An examination of these authorities does not disclose any material disagreement over the test which should be applied. Some of them are close cases— near the line, as is the present case. In all, or nearly all of them, the same test is applied, namely, whether the attack grew out of the employment—out of the work, or was one of personal vengeance. The rule is well stated in *Jacquemin* v. *Manufacturing Co., supra:*

"If one employee assaults another employee solely to gratify his feeling of anger or hatred, the injury results from the voluntary act of the assailant, and cannot be said to arise either directly out of the employment or as an incident of it. But when the employee is assaulted while he is defending his employer, or his employer's property, or his employer's interests, or when the assault was incidental to some duty of his employment, the injuries he suffers in consequence of the assault will, as a rule, arise out of the employment. He will then be serving his employer's ends and not his own."

The disagreement of counsel arises not so much over the law as over the application of the rule of law to the facts. Plaintiff insists the facts show two things, *first*, that the shooting was the result of disagreement with Fields over the work in which they were employed; *second*, that Fields was a quarrelsome

and dangerous fellow, and unsafe to be permitted to work with his fellows, and this fact was known to his employer. Defendants take issue upon both of these propositions.

There is some but not much conflict in the testimony. It is, however, subject to different inferences. The plaintiff draws one inference from the testimony and the defendants another. Both the conflict and inferences were matters for the board. Upon the first proposition the board finds that the accident did not arise out of the employment. They conclude their finding with these words:

"It would seem that there might have been some reason for the shooting, but we are absolutely unable to discover what it was."

Upon the second proposition they find as follows:

"It is true that Fields had been sent to Jackson prison for an assault with intent to do great bodily harm, but we do not think it necessarily follows that he was such a person as the respondent employer would not have the right to employ as a janitor."

The burden of proof upon both of these propositions rested upon the plaintiff. We are of the opinion that the testimony is fairly open to either inference. Quite likely persons of equally good judgment might differ as to the inferences to be drawn from the testimony. The accident board has made a finding of fact on both propositions adverse to plaintiff's contention and, therefore, we think he must fail.

The finding of the board is affirmed.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.