## JOHN GAVROS'S CASE.

Hampden.    November 28, 1921. — February 28, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.    *Proximate Cause.*

At the hearing of a claim for compensation by an employee of a construction company which, in repairing tracks of a railroad, employed a large number of employees of different nationalities, it appeared that the laborers were transported by the railroad company to the place where the work was to be performed and upon arrival there were accustomed to take their tools from a tool car and go to work; that, on the day when the claimant was injured, upon arrival at the place of work, a discussion arose among the employees as to the possession of certain tools, some desiring to use the same tools day after day; that the discussion resulted in a fight in which the claimant took no part, except that he advised two of the participants not to fight and two other employees struck him on the head, one with a shovel and the other with a sledge hammer. All the tools belonged to the employer. The claimant testified that he did not know of any other quarrels over the tools on any other days, and that the day he was hurt was "the first time he ever saw a fight over the tools and any striking." The record contained no evidence of a previous quarrel among the men over the tools. *Held,* that

(1) The fact that workmen of different nationalities were engaged upon the work did not make the danger of an assault by his fellow workmen incidental to the claimant's employment;

(2) The fact that the assault resulted from the claimant's act in endeavoring to dissuade his fellow workmen from fighting, such act being no part of the duties imposed upon him, did not render it a risk incidental to his employment;

(3) There was no causal connection between the conditions under which the claimant's work was required to be performed and his injury;

(4) The claimant was not entitled to compensation under the act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, affirming and adopting findings of a single member of the board, that injuries, received by the claimant in the circumstances described in the opinion and while he was in the employ of New England Construction Company, did not arise out of and in the course of his employment and dismissing his claim for compensation.

In the Superior Court, a decree was entered by order of *King,* J.,

in accordance with the decision of the Industrial Accident Board; and the employee appealed.

The case was submitted on briefs.

*L. C. Henin,* for the employee.

*A. R. Simpson,* for the insurer.

CROSBY, J. This case was heard by a single member of the Industrial Accident Board on an agreed statement of facts. He found and ruled "that employees of different nationalities got into an altercation which resulted in the injury of the claimant . . . that the injury as a result of the fracas did not arise out of and in the course of the employment." The board, on review, affirmed the decision of the single member.

It appears from the agreed facts that the claimant, with a large number of other employees, some of whom were Portuguese and some were Greeks, was employed by the New England Construction Company repairing tracks on the Boston and Albany Railroad. The laborers were transported by the railroad company to the place where the work was to be performed, and upon arrival there they were accustomed to take their tools from a tool car and go to work. On the day the claimant was injured, when the destination was reached a discussion arose as to the possession of certain tools, some of the men desiring to use the same tool day after day. This discussion resulted in a fight in which the claimant took no part, except that he advised two of the participants not to fight and two other employees struck him on the head, one with a shovel and the other with a sledge hammer. All the tools belonged to the employer. The claimant testified that he did not know of any other quarrels over the tools on any other days, and that the day he was hurt was "the first time he ever saw a fight over the tools and any striking." There is nothing in the record to show that there had been any previous quarrel between the men over the tools.

If we assume without deciding that the claimant was injured in the course of his employment, the question remains whether the injury arose out of it. It is the contention of the claimant that the risk of being assaulted by laborers of different nationalities working on a railroad track who became involved in a quarrel over the use of tools was an ordinary risk of such an employment and was incidental to the work. It is also con-

tended that the claimant's injuries were received in an effort to stop the fight between fellow employees, which effort was in the interest of his employer.

It cannot reasonably be said that the danger of injury was incidental to the employment because men of different nationalities were engaged in the work. The evidence shows that there had been no previous quarrel between the workmen on account of the use of the tools. Ordinarily assault by third persons cannot be considered as incidental to the employment. But where the assault is one which might be reasonably anticipated because of the general character of the work, or of the particular duties imposed upon the workman, injuries resulting therefrom may be found to arise out of or in the course of the employment. See cases cited in L. R. A. 1916 A 239.

However commendable may have been the claimant's act, in endeavoring to dissuade his fellow workmen from fighting, it cannot be said to have been incidental to his employment; it was no part of the duties imposed upon him, and the assault could not reasonably have been anticipated because of the character of the work. The case is clearly distinguishable from *McNicol's Case*, 215 Mass. 497, where the employee was killed by a drunken fellow workman, who was known to the superintendent in charge of the work to have the habit of drinking to intoxication and when in that condition to be quarrelsome, dangerous and unsafe to work with; and from *Reithel's Case*, 222 Mass. 163, where the superintendent of a mill, whose duty it was to order from the premises persons who had entered without permission, was shot and killed by a trespasser while he (the deceased) was engaged in the performance of his duty; and from *Cranney's Case*, 232 Mass. 149, where the head waiter of a hotel was shot and killed by a waiter serving under him, whom he had discharged, and who "was made ugly by drinking liquor," was an habitual drinker, and usually carried a pistol, which facts were generally known at the hotel.

It is plain that the claimant's injuries were not the result of any special risk incident to his employment; there was no causal connection between the conditions under which his work was required to be performed and his injury. Accordingly he is not entitled to compensation under the act. *McNicol's Case, supra.*

*Harbroe's Case,* 223 Mass. 139.   *Moore's Case,* 225 Mass. 258.
*Lee's Case, post,* 473.   *Mountain Ice Co.* v. *McNeil,* 91 N. J. L.
528.   *Jacquemin* v. *Turner & Seymour Manuf. Co.* 92 Conn. 382.
*Armitage* v. *Lancashire & Yorkshire Railway,* [1902] 2 K. B. 178.
*Blake* v. *Head,* 106 L. T. Rep. 822; *S. C.* 5 B. W. C. C. 303.
*Mitchinson* v. *Day Brothers,* [1913] 1 K. B. 603.

In view of the conclusion reached, it is unnecessary to consider
whether the claimant has elected to rely upon his remedy against
a third person for damages.  St. 1911, c. 751, Part III, § 15, as
amended by St. 1913, c. 448, § 1.  G. L. c. 152, § 15.

*Decree affirmed.*