LITTLE v. ATLAS DROP FORGE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ASSAULT BY FELLOW EMPLOYEE—COURSE OF EMPLOYMENT.

Where the sole reason for an assault upon plaintiff by a fellow employee was resentment because of directions given him by plaintiff as to how work should be done, which it was his duty to give, the determination of the department of labor and industry that plaintiff's injuries resulting therefrom arose out of and in the course of his employment, within the meaning of the workmen's compensation act, was correct.

Certiorari to Department of Labor and Industry. Submitted January 25, 1923. (Docket No. 76.) Decided March 22, 1923.

William Little presented his claim for compensation against the Atlas Drop Forge Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Michigan Employers Casualty Company, insurer, bring certiorari. Affirmed.

*Brown, Kelley & Mosier,* for appellants.

*C. W. & W. S. Foster,* for appellee.

McDONALD, J. This case is here for review on certiorari to the department of labor and industry. William Little was an employee of the Atlas Drop Forge Company of Lansing. His work was that of an operator of a drop forge hammer. A foreigner, one Tony Dombaski, was employed to carry steel axles to Little. On the 27th of April, 1922, he had occasion to give Dombaski some directions as to the placing of

On recovery for compensation under workmen's compensation acts where workman suffers injury from assault "arising out of and in the course of" his employment, see notes in L. R. A. 1918E, 498; 15 A. L. R. 589; 21 A. L. R. 758.

the material.    This angered Dombaski, who replied
with a vile epithet and threatened violence, but went
away, returning in about 20 minutes.    When he re-
turned, Little was bent over working at the furnace.
Dombaski threw a rod of steel at him, striking him
in the head and producing very serious injuries.
Since that time he has been unable to work.    The
board awarded him compensation.    The defendants
are here asking to have that award vacated.    The
only question involved is whether plaintiff's injuries
arose out of his employment.

The claim of the defendants is stated by counsel in
their brief as follows:

"Appellants' position has been and is that this is
not a case where compensation should be allowed;
that it cannot be rationally and fairly said that the
accidental injury arose out of the employment."

The law applicable to the facts in this case is stated
by Chief Justice BIRD in *Marshall* v. *Baker-Vawter
Co.*, 206 Mich. 466.    In that case the court lays down
the test to be applied to cases where employees suffer
injuries from assault while engaged in the employer's
business.    After citing numerous authorities from
this and other jurisdictions, the court said:

"An examination of these authorities does not dis-
close any material disagreement over the test which
should be applied.    Some of them are close cases—
near the line, as is the present case.    In all, or nearly
all of them, the test is applied, namely, whether the
attack grew out of the employment—out of the work,
or was one of personal vengeance."

As illustrative of this rule the following language
from *Jacquemin* v. *Manufacturing Co.*, 92 Conn. 382
(103 Atl. 115, L. R. A. 1918E, 496), was quoted with
approval.

"If one employee assaults another employee solely
to gratify his feelings of anger or hatred, the injury
results from the voluntary act of the assailant, and

cannot be said to arise either directly out of the employment or as an incident of it. But where the employee is assaulted while he is defending his employer or his employer's property or his employer's interests, or when the assault was incidental to some duty of his employment, the injuries he suffers in consequence of the assault will, as a rule, arise out of the employment. He will then be serving his employer's ends and not his own."

The facts as to the assault on Mr. Little are not in dispute. Dombaski was employed in carrying steel axles to Little and piling them near his forge hammer according to length. The foreman had instructed Little to see that this work was properly done by Dombaski. When he undertook to do so the assault followed. There had been no previous quarrel nor other trouble between the men. Dombaski was quick tempered and quarrelsome. Apparently the sole reason for the assault was his resentment because of the directions which Little gave and which it was his duty to give. It grew out of the work which plaintiff was required to do in the course of his employment. No other reasonable inference can be drawn from the undisputed facts. On these facts the board was correct in its determination that the injuries to plaintiff arose out of and in the course of his employment.

The award is affirmed, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.