N. J. Dept. Labor—Martorano v. Fairview Stone Crusher.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

VINCENZO MARTORANO, PETITIONER, v. FAIRVIEW
STONE CRUSHER, RESPONDENT.

**Injury by Robbers to Night Watchman—Watchman was Robbed but Not the Employer—Watchman Unable to Tell What Happened on Account of Injury to His Head, Probably From Blackjack—Accident to Employe While Being Robbed, Where No Robbery of Employer Occurs and Apparent Intent to Rob Employer Appears is Not an Injury in Course of Employment.**

For the petitioner, *A. J. Amore.*

For the respondent, *James O. Boyd.*

\*      \*      \*      \*      \*      \*      \*

From the facts submitted in the case, it appears that the petitioner was employed as a watchman by the Fairview Stone Crusher, and that on the night of December 16th, 1924, at about eleven P. M., he went into a shack maintained by the company and proceeding to light a fire in a pot stove. The shack was eleven feet square. As the petitioner was lighting the stove he heard a window raised in the back of the shack, and immediately walked to the door, which was on the opposite side of the shack from where the window went up, and as he looked out of the door he saw a colored man standing about twelve feet from the door with his hands in his pockets. The colored man asked for some wood to light a fire and was told he could take some from a pile and light a fire in the quarry. The petitioner then states that as the colored man stood with his hands in his pockets he smelled something, felt dizzy, and the next thing he remembers he regained consciousness in the North Hudson Hospital about two weeks later.

On cross-examination it was brought out that the petitioner was robbed of his gun, his blackjack, his money and his watch; that none of the company property was disturbed, nor was anything stolen. The petitioner testified that he did not know what happened to him. The injury the petitioner sustained was a deep laceration on the right side of his head and probably a fractured skull.

From the facts submitted in this case, it would appear that the petitioner was unable to testify as to what happened to him. The burden of proof is on the petitioner to prove an accident arising out of and in the course of his employment. In the absence of such proof, a deputy commissioner cannot speculate as to what happened to the petitioner. If we were to assume that the petitioner was assaulted for the purpose of robbing him of his personal effects (which would seem to be all that was stolen at the time of the assault), the case would come within the case of *Wather* v. *American Paper Co.,* 89 *N. J. L.* 732; 99 *Atl. Rep.* 263, wherein the death of a night watchman, as the result of an assault while on duty in the mill, by an assailant whose purpose in going to the mill was to rob deceased, and who didn't attempt any robbery from the office of the mill, or any destruction of the mill property, or any other mischief or crime other than the robbery of the deceased, was held not to have arisen out of and in the course of the deceased's employment. There was no evidence in the case at bar to indicate that the petitioner's assailant contemplated robbing any of the effects of the employer or committed any depredation upon the employer's property. Therefore, the petition should be dismissed.

\*        \*        \*        \*        \*        \*        \*        \*

CHARLES E. CORBIN,
*Deputy Commissioner.*