For plaintiff: Everett D. Higgins.

For defendant: Lee & McCanna.

John Correira
vs. } W. C. A. No. 986
Joseph McCormick

January 18, 1930.

BAKER, J. Heard on respondent's appeal from a decision of the Commissioner of Labor.

The respondent employed the petitioner as a laborer and also as an under-boss. His duties were to spread sand and gravel and to direct certain truck drivers where to dump their loads. He was furnished with a punch and after the loads were properly dumped, it was his duty to punch the cards presented by the truck drivers.

At the time of the injury in question the petitioner, while engaged in this work for the respondent, became involved in an argument and altercation with a certain truck driver named Celani. It is not clear from the testimony by whom the latter was employed. He was not called as a witness by either party. It appears that after some words between the men regarding the dumping of a load of gravel and the punching of Celani's card, the latter struck the petitioner twice with a shovel, once on the shoulder and once on the arm, the latter blow injuring a nerve in such a way as to paralyze several fingers on the petitioner's left hand and he is still incapacitated for work.

The respondent first contends that the petitioner practically invited Celani to fight with him and that he brought the injury, therefore, upon himself. After a careful consideration of the testimony, the Court does not find this to be the fact. It would appear from the weight of the evidence, both in the matter of the argument and in the actual assault, that Celani was the aggressor.

The Court is of the opinion that the accident probably happened "in the course" of the petitioner's employment, but the difficult question to determine in this case is whether it occurred "out of" the employment. Numerous cases of a somewhat similar type have been cited to the Court. In support of his contention the petitioner refers in part to the following cases:

*McNicols case*, 215 Mass. 497;

*Anderson* vs. *Security Bonding Co.*, 100 Conn. 373;

*Walther* vs. *American Paper Co.*, 98 Atl. 264;

*Reithels case*, 222 Mass. 163.

An examination of these cases seems to reveal that the findings in favor of the petitioners are based upon circumstances or facts which tend to show knowledge on the part of the respondent in each case, or a situation in which injury or assault might reasonably be anticipated because of the general character of the work or of the particular duties imposed upon the workmen. For example, in one case the petitioner was injured by an insane fellow workman. In another case the man who inflicted the injury was known by the employer to be drunk and quarrelsome, and in several cases the petitioner was a watchman or was engaged in defending property.

The respondent urges that on the facts in the case at bar, the above cases cited by petitioner are not applicable and in turn refers the Court to a group of cases in which relief was refused.

*Gavros case* (Mass.) 134 N. E. 269;

*Jacquemin* vs. *Turner & Seymour Mfg. Co.* (Conn.), 103 Atl. 115;

*Peavy* vs. *C. W. Merydeth Contracting Co.*, 112 Kan. 637;

*Marshall* vs. *Baker-Vawter Co.*, 206 Mich. 466.

In the Gavros case, *supra*, the Court carefully distinguishes the McNicols case, *supra*. Courts seem to require, before granting relief, that there be some causal connection between the injury and the conditions under which the petitioner was required to do his work, or that the injury result from a risk incident to the nature of the employment.

The Court realizes that the act under which this petition is brought should be construed with reasonable liberality in favor of those injured, but, never-

theless, certain facts must be shown before relief can be granted.

In the opinion of the Court the evidence in this case brings it within the rule laid down in the Gavros case rather than that set out in the McNicols case. The Court believes that the testimony here shows quite clearly that the petitioner and Celani engaged in a private quarrel. The Court fails to see any causal connection between the injury and the conditions under which the petitioner was required to do his work. No testimony was presented to show that the respondent knew that Celani was quarrelsome or that a fight might reasonably be expected to occur. There seems to be nothing in the nature of the petitioner's employment that would bring it about. The mere fact that the petitioner was told to send any truck driver to the boss who would not dump his load properly does not, in the judgment of the Court, show that respondent anticipated trouble or assault between the men. The nature of the petitioner's employment was far different from that of a watchman or one guarding property.

The Court finds, therefore, that the petitioner's injury did not arise out of the employment.

The appeal is sustained and the prayer of the petition is denied.

For petitioner: John A. Enos.

For respondent: Gardner, Moss & Haslam.