SCHULTZ *v.* CHEVROLET MOTOR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ASSAULT BY FELLOW EMPLOYEE.

  Assault by one employee on another for personal reasons, not growing out of relation as fellow employees or out of acts in performance of their work, may not be held to arise out of employment.

2. SAME—COURSE OF EMPLOYMENT.

  Where plaintiff and fellow employee were engaged in unloading "pedal bundles" from truck, when latter, angry because he was hit by bundle tossed by plaintiff, struck him over head with stake, fracturing his skull, injuries resulting from assault arose out of and in course of employment within meaning of 'workmen's compensation act.

Appeal from the Department of Labor and Industry. Submitted December 19, 1931. (Docket No. 230, Calendar No. 36,069.)   Decided January 4, 1932.

Joseph Schultz presented his claim against Chevrolet Motor Company, Division of General Motors Corporation, for an injury sustained during the course of employment. Award to plaintiff. Defendant appeals. Affirmed.

*Louis C. Miriani,* for plaintiff.

*J. G. Stevenson,* for defendant.

WIEST, J. Plaintiff and another employee of defendant company were engaged in unloading "pedal bundles" from a truck. Plaintiff tossed a bundle and it struck his fellow employee. The fellow employee was angered thereby, seized a stake, and

On injury from assault arising out of or in course of employment, see annotation in 15 A. L. R. 589; 21 A. L. R. 758; 29 A. L. R. 438; 40 A. L. R. 1123; 72 A. L. R. 110.

struck plaintiff, fracturing his skull. Defendant reported the accident but disclaimed that it arose out of the employment. This is an appeal by defendant from an award of compensation to plaintiff, and presents the question of whether the accident arose out of the employment. It is conceded that the accident arose in the course of the employment.

Defendant cites *Marshall* v. *Baker-Vawter Co.*, 206 Mich. 466, and plaintiff cites *Little* v. *Atlas Drop Forge Co.*, 221 Mich. 604. These cases are in harmony and recognize and quote the general rule stated in *Jacquemin* v. *Turner & Seymour Manfg. Co.*, 92 Conn. 382 (103 Atl. 115, L. R. A. 1918E, 496). We again state that rule:

"If one employee assaults another employee solely to gratify his feeling of anger or hatred, the injury results from the voluntary act of the assailant and cannot be said to arise either directly out of the employment or as an incident of it. But when the employee is assaulted while he is defending his employer or his employer's property, or his employer's interests, or when the assault was incidental to some duty of his employment, the injuries he suffers in consequence of the assault will, as a rule, arise out of the employment. He will then be serving his employer's ends and not his own."

In the *Marshall Case* the court was bound by the following conclusion of the board:

" 'It would seem that there might have been some reason for the shooting, but we are absolutely unable to discover what it was.' "

The *Little Case* is in point with the case at bar. Practically all authority holds that an assault by one employee upon another for personal reasons, not growing out of the relation as fellow employees, or

out of acts in the performance of their work, cannot be held to arise out of the employment.

In the instant case there was causal relation between the employment and the assault. It was an act in the course of the work that provoked the assault, and the record is clear that the injuries inflicted were occasioned by anger over an act at that very time committed in the conduct of the work.

In *Stasmos* v. *State Industrial Commission,* 80 Okla. 221 (195 Pac. 762, 15 A. L. R. 576), compensation was allowed in an instance much like the one at bar. There one employee became angered at a remark of a fellow employee and seized a scantling and fractured his skull. It was held that the injuries inflicted arose, not only in the course of the employment but, as well, out of the employment. Cases of like import are *Verschleiser* v. *Joseph Stern Son, Inc.,* 229 N. Y. 192 (128 N. E. 126); *Carbone* v. *Loft,* 219 N. Y. 579 (114 N. E. 1062).

In *Pekin Cooperage Co.* v. *Industrial Commission,* 285 Ill. 31 (120 N. E. 530), it was stated:

"Where men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment."

The award is affirmed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.