Riley, J.
This is an action of tort brought by the plaintiff to recover for an alleged assault by the defendant.
One of the answers set up by the defendant is that the plaintiff and defendant were fellow workmen in the employ of Bickford & Carrier, that the injury arose out of and in the course of their employment, that the employers were insured under the Workmen’s Compensation Act and that the plaintiff had not reserved his rights under Section 24 of Chapter 152 of the General Laws and Acts in amendment thereto.
The trial Judge found that the plaintiff and defendant were fellow employees employed 'by Bickford & Carrier who were insured under the provisions of the Workmen’s Compensation Act and that the plaintiff had not reserved his rights under the Act. He also found that the plaintiff’s injury occurred during working hours and on the premises of the employer. As to the manner in which the plaintiff’s injury occurred, he made the following finding of facts:
“That the plaintiff was working at his machine and operating the same as usual on the day in question. *198 That the defendant was working at a similar machine about six feet away from the plaintiff; that some defective work which the plaintiff had performed was returned to him by the foreman for the company and placed on a shelf at the right-hand side of his machine, the foreman telling him, that the work was defective and that he wanted it corrected; the plaintiff replied that he would make the correction. That prior to this the foreman had stopped at the defendant’s machine and told him (the defendant) that some of his work on the same pieces was also defective and suggested that his work was rough and perhaps his tools needed sharpening. Thereupon the defendant left his machine and came over to the tray of work to be done over by the plaintiff and began to look over the defective work. The plaintiff then left his machine where he was working and came over to the defendant who was looking at the work in the tray and said, ‘What’s the matter, got nose trouble?’ At the same time the plaintiff pressed against the defendant with his body and slammed another tray on top of the tray at which the defendant was looking. Thereupon, the defendant pushed the plaintiff away. The defendant did not strike the plaintiff with his hand. The result of this action was that the plaintiff was knocked off balance and fell, and struck the sharp corner of a machine five or six feet away, resulting in the cracking of two ribs.”
He found for the defendant and denied the following réquest filed by the plaintiff:
“1. That plaintiff’s injury, on all the evidence, is not a compensable injury under the provisions of Chapter 152, G. L. 2. That the defendant, on all the evidence, has failed to prove that plaintiff’s injury is compensable under said Act. 3. That the defendant, on all the evidence, has failed to prove, by a fair preponderance of the evidence, the allegations contained in his Answer. ”
He allowed the following requests for rulings filed by the defendant:
‘ ‘ 1. That the injury suffered by the plaintiff is compensable under the Workmen’s Compensation Law, *199 Chapter 152, G. L. and Acts in amendment thereto. 2. That the injury to the plaintiff arose in the course of and out of the employment. 3. That the plaintiff cannot recover because the injury arose out of and in the course of employment. The plaintiff and defendant were fellow workers employed by a concern insured under the Workmen’s Compensation Law, and the plaintiff had not reserved any rights under the Common Law.”
It may be conceded that if.the plaintiff’s injury was one for which he was entitled to compensation under the Workmen’s Compensation Act, he cannot recover in this action. Caira vs. Caira, 296 Mass. 448.
Without deciding, it is assumed that the plaintiff’s injury occurred in the course of his employment. The determining factor is whether or not it arose out of the employment. On the facts found by the Court, it seems that no other conclusion could be reached than that the plaintiff was injured as a result of an assault by the defendant and not by a negligent act of his.
In Gavros’s Case, 240 Mass. 399 at 401, the claimant was assaulted while attempting to dissuade his fell'ow workman from fighting. It was held that his injury did not arise out of his employment. The Court said at page 401:
“Ordinarily assault by third persons cannot be considered as incidental to the employment. But where the assault is one which might be reasonably anticipated because of the general character of the work, or of the particular duties imposed upon the workman, injuries resulting therefrom may be found to arise out of or in the course of the employment. See cases cited in L. R A. 1916 A 239.
“However commendable may have been the claimant’s act, in endeavoring to dissuade his fellow workmen from fighting, it cannot be said to have been incidental to his employment; it was not part of the duties imposed upon him, and the assault could not reasonably have been anticipated because of the character *200 of the work. The ease is clearly distinguishable from McNicol’s Case, 215 Mass: 497, where the employee was killed by a drunken fellow workman, who was known to the superintendent in charge of the work to have the habit of drinking to intoxication and when in that condition to be quarrelsome, dangerous and unsafe to work with; and from Reithel’s Case, 222 Mass. 163, where the superintendent of a mill, whose duty it was to order from the premises persons who had entered without permission, was shot and killed by a trespasser while he (the deceased) was engaged in the performance of his duty; and from Cranney’s Case, 232 Mass. 149, where the head waiter of a hotel was shot and killed by a waiter serving under him, whom he had discharged, and who ‘was made ugly by drinking liquor, ’ was an habitual drinker, and usually carried a pistol, which facts were generally known at the hotel.”
In Lee’s Case, 240 Mass. 473, the claimant was injured by being pushed against by one of his fellow employees who were fooling. The Court said at Page 476:
“The pushing of Wallet out of the doorway by other employees and against the claimant, assuming it was a wrongful act, was not within the scope of his employment. Such acts, whether done in a spirit of play or from a malicious motive, have no relation whatever to the employment; and they are wholly outside the scope of the employment of those who caused the injury.”
And further, at Page 477:
“Cases which hold that an injury resulting from acts of a fellow employee who was known by the employer as a man of dangerous disposition, or who was known to be given to play or fooling, have no application to the present case. McNicol’s Case, supra. See also Reithel’s Case, 222 Mass. 163; Cranney’s Case, 232 Mass. 149; Marshall v. Baker-Vawter Co., 206 Mich. 466; William Baird & Co. Ltd. v. M’Graw, 13 B. W. C. C. 233.”
The case of Zygmuntowicz vs. American Steel & Wire Company, 240 Mass. 421 apparently is decided upon the *201 authority of McNicol’s Case, 215 Mass. 497, Beithel’s Case, 222 Mass. 163 and Cranney’s Case, 232 Mass. 149, all of which are distinguished in the Lee and Cam ros Cases above cited, and differs from the latter two cases in that the parties who assaulted the plaintiff in the Zygmuntowics Case were acting within the scope of their employment in evicting and assaulting the plaintiff.
We think the case at bar is governed by the reasoning in the Lee and Gavros Cases. The evidence does not show that it was part of the duty of either the plaintiff or the defendant to give directions in relation to the other’s work or be concerned in the manner in which it was done. The act of the defendant in, this case was wholly outside the scope of his employment. Ordinarily the question of whether an injury arises out of or in the course of the employment is one of fact. Sponatski’s Case, 220 Mass. 526. Sanderson’s Case, 224 Mass. 558. Consequently, the Judge could hardly have properly given as rulings of law, as he did, the three requests filed by the defendant. Furthermore, we think that upon the evidence the plaintiff was entitled to his first and second requests for rulings and that the Judge should so have instructed himself.
As it appears from the report that the Judge’s finding for the defendant was based solely upon the above rulings which we find were not warranted, the rights of the plaintiff appear to have been prejudiced and a new trial is ordered.