JIM REED CHEVROLET CO. *et al. v.* WATSON.

*(Nashville,* December Term, 1952.)

Petition filed January 15, 1953.

Rehearing denied February 6, 1953.

JOHN T. CONNERS, JR., of Nashville, for plaintiff.

GOODPASTURE, CARPENTER & DALE, of Nashville, for defendants.

618

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case wherein an award was made in favor of the petitioner for injury to his right eye.

The only question presented in this appeal in error is whether or not petitioner's injury "arose out of" his employment.

The injury to petitioner's eye resulted from a fight between him and Joe Willie Hendricks, growing out of a personal altercation between them over accusations by Hendricks that petitioner had stolen his pistol. The employer, Jim Reed Chevrolet Company, had not instructed and did not require Hendricks to possess a pistol in connection with his employment and did not know that he had one.

It appears that the petitioner was employed by the defendant in Nashville as a porter for the parts department and Hendricks was employed as a porter for the service department of the company. Neither of these employees had supervision or control in any manner over the other.

It appears from the proof that Hendricks was the aggressor in the fight which resulted from the accusations that the petitioner Watson had stolen his pistol out of a locker furnished him by the company. Watson also had a locker adjoining that of Hendricks. It seems that

about 5 o'clock in the afternoon, Watson was preparing to leave and had gone to the locker to get his coat. A fight resulted, in which Hendricks struck petitioner several times and at the time he had a screw driver in his hand. Evidently the screw driver struck the right eye of the petitioner, causing the injury.

Petitioner insists that at the time of his injury, he was not only an employee of the defendant but he was a night watchman for two nights a week. It seems that two or three other colored employees also stayed at this plant at night. The proof further shows that it was the duty of the one on duty to see about trucks coming in and out and to see to it that windows and doors were fastened and locked. These employees, including the petitioner, were required to stay at the plant all night. The proof further shows that the petitioner was not a night watchman as that term is generally used.

The petitioner here relies on the case of *Peters* v. *Salant & Salant, Inc.*, 168 Tenn. 272, 77 S. W. (2d) 452. In that case, the petitioner was first employed as porter and janitor for Salant & Salant, a rather large firm, and worked in the daytime; that with the approach of winter, it became necessary to keep the building heated at night and Peters' hours of work were from 5 p. m. until the arrival of the day man in the morning; that his duties were solely to clean the building and tend the furnace, with no responsibility of acting as watchman of the property. He further testified that when these hours of work were assigned to Peters, the latter asked if he should carry a gun, and that he replied: "Any time the occasion should arise for a gun to be had in the building, I will provide one, putting one in the desk drawer." However, Peters was carrying a pistol at the time he met his death and while he was on duty. In the Peters case, the

Court came to the conclusion that an injury may be said to arise out of an employment when there is a "causal connection between the conditions under which the work is required to be performed and the resulting injury" and also "when it is something the risk of which may have been contemplated by a reasonable person when entering the employment as incidental thereto." *Hendrix* v. *Franklin State Bank,* 154 Tenn. 287, 290 S. W. 30; *Shockley* v. *Morristown Produce & Ice Co.,* 158 Tenn. 148, 157, 11 S. W. (2d) 900, 903.

The Court further stated in the Peters case that the determinative question there was whether the nature of Peters' employment was such that he and his employer may have reasonably contemplated his possession and handling of a pistol in its execution. If so, the resulting accident was one arising out of his employment as the statute is construed in the cases cited. It was expressly stated in this case that Peters had no responsibility of acting as watchman of the property and while the petitioner in the present case did not act as a watchman, he did stay in and around the building all night to wait on customers and to see that the windows and doors were closed.

For authorities elsewhere, see: *Globe Indemnity Co.* v. *Industrial Accident Com.,* 1934, 2 Cal. (2d) 8, 37 P. (2d) 1039; *Schultz* v. *Chev. Motor Co.,* 1932, 256 Mich. 393, 239 N. W. 894; 112 A. L. R. p. 1259.

It can reasonably be said that we would expect these colored boys, performing their duties as they did, to have a weapon of some sort nearby to protect themselves. We are of the opinion that this case is covered by this Peters case, supra, and it results that the assignments of error must be overruled and the judgment of the lower court affirmed.