WYRWA *v.* MURRAY CORPORATION OF AMERICA.

1. Workmen's Compensation—Finding of Department—Assault—Time Card—Evidence.

Finding of department of labor and industry that plaintiff suffered a compensable injury *held*, sustained by evidence that foreman assaulted him while he was doing work that foreman apparently did not want plaintiff to do and by notation on plaintiff's time card that he had been hurt.

2. Same—Assault.

Assault provoked by anger of foreman at an act in the course of the work *held*, to have arisen in the course of and out of the employment.

Appeal from Department of Labor and Industry. Submitted January 21, 1936. (Docket No. 28, Calendar No. 38,679.) Decided March 2, 1936.

Joseph Wyrwa presented his claim against Murray Corporation of America, employer, and Fidelity & Casualty Company of New York, insurer, for compensation for alleged accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*James B. Van Vechten, Jr.,* for plaintiff.

*Leo J. Carrigan,* for defendants.

North, C. J. Plaintiff, claiming he suffered an accidental injury arising out of and in the course of his employment on or about December 15, 1930, petitioned for compensation. The deputy commissioner made an award of $18 per week for total dis-

ability. On review the department of labor and industry, with slight modification not here material, affirmed the award. The employer has brought this appeal by certiorari.

The only question presented for review is appellants' claim that plaintiff's injured condition was not the result of an industrial accident which arose out of his employment; but instead that plaintiff's injury was the result of an assault upon him by his foreman prompted by anger or hatred. Appellants contend there is no testimony tending to sustain the finding that the injury arose out of plaintiff's employment.

Plaintiff worked as a metal polisher. He claimed that his foreman kept him working on the less desirable pieces of metal, giving the better piecework jobs to other employees. On the day of the assault an inspector directed plaintiff to do certain work apparently of a type not usually assigned to plaintiff by his foreman. While plaintiff was engaged at the work he was directed by the inspector to do, the foreman came up behind plaintiff and without saying anything the foreman struck plaintiff a blow on the left side of the body. The blow felled plaintiff. He became unconscious and was taken to Receiving Hospital. From that time and as a result of the blow plaintiff has suffered seizures in the nature of epilepsy. Except for a short period when plaintiff attempted to return to defendant's employ he has done no work since the assault and has been totally disabled.

It is a fair inference from the record, and perhaps the only fair inference, that the foreman's assault upon plaintiff was caused by the fact plaintiff was doing a kind of work that the foreman had not authorized and which he did not want plaintiff to do.

Plaintiff testified the foreman, who was not produced as a witness, struck him ''because I was doing a job he did not want me to do. * * * I believe it was because of that job, because he had no other reason.'' Appellants contend the above quoted testimony should be disregarded because it is a mere statement of plaintiff's conclusions. Under the circumstances of this case we think the quoted testimony was of some evidentiary value. It indicated plaintiff knew of no other reason and it was not contradicted. There is testimony tending to show that the employer knew of the circumstances surrounding the assault, at least knew it was without justification. While plaintiff was at home and after suffering from the assault he was visited by ''the big boss,'' Mike Cole, who seems to have been a general foreman. Cole told plaintiff he hoped plaintiff would ''get well quick'' so he could come back to work, that he would give plaintiff a good job, a different job; and he told plaintiff, according to the latter's testimony, ''Not to bother with John (the foreman) any more, because John won't have anything to do with me after this.'' Plaintiff's time card for December 15, 1930, was introduced in evidence and it bore the notation in ink ''10:30, hurt.''

The finding of the department that plaintiff suffered a compensable injury is sustained by competent testimony. The following might well be literally applied to the instant case:

''It was an act in the course of the work that provoked the assault, and the record is clear that the injuries inflicted were occasioned by anger over an act at that very time committed in the conduct of the work.'' *Schultz* v. *Chevrolet Motor Co.*, 256 Mich. 393.

In the above case we quoted approvingly from the supreme court of Connecticut the following:

"If one employee assaults another employee solely to gratify his feeling of anger or hatred, the injury results from the voluntary act of the assailant and cannot be said to arise either directly out of the employment or as an incident of it. But when the employee is assaulted while he is defending his employer or his employer's property, or his employer's interests, or when the assault was incidental to some duty of his employment, the injuries he suffers in consequence of the assault will, as a rule, arise out of the employment. He will then be serving his employer's ends and not his own." *Jacquemin* v. *Turner & Seymour Manfg. Co.*, 92 Conn. 382 (103 Atl. 115, L. R. A. 1918 E, 496).

The award of the department of labor and industry is affirmed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred with NORTH, C. J.

POTTER, J., concurred in the result.