**Lawrence E. KNOTT, Plaintiff,**

v.

**RED STAR TRANSIT, INC., a Michigan corporation, Defendant.**

**Civ. No. 21586.**

United States District Court
E. D. Michigan, S. D.

Dec. 11, 1961.

Kelman, Loria, Downing & Craig, Detroit, Mich., for plaintiff.

Alexander, Buchanan & Conklin, Detroit, Mich., for defendant.

KAESS, District Judge.

On September 4, 1959 plaintiff sustained injuries in Ohio, arising out of and in the course of his employment. The defendant was incorporated in Michigan and the plaintiff was hired in Michigan. Plaintiff, an Ohio resident, has applied for and is receiving compensation under the Michigan Workmen's Compensation Act.

Plaintiff brings this action, in which he asserts that Ohio law controls and allows this action in spite of the limited liability of the employer in Michigan, citing Ellis v. Garwood, 168 Ohio St. 241, 152 N.E.2d 100 (1957). Defendant has moved to dismiss, asserting that under Michigan or Ohio law plaintiff would be barred from bringing an action in tort against his employer.

Workmen's compensation is generally a compromise scheme, wherein a certain remedy is provided the employee by the statutory imposition of absolute but limited liability upon the employer. Thus quick recovery, independent of fault, is guaranteed in return for the surrender of the employee's right to damages at law. Also, the employer gives up his right of common law defenses, in return for immunity from common law negligence suits.

The general limitation of employee's right to damages at law in the Workmen's Compensation Act is covered by § 17.144 of Michigan Statutes Annotated (Compiled Laws 1948, § 411.4) which provides:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

Thus, the parties agree, if this injury had occurred in Michigan, rather than in Ohio, the above act would have limited plaintiff's remedy against the defendant to benefits under the Compensation Act, even before such benefits were determined.

Plaintiff asserts that he is outside the effect of the limitation of the statute since the injury occurred in Ohio. If we assume for the moment that this is true, does the fact that plaintiff has received and continues to receive benefits under the Michigan Act, alter the situation?

There is no disagreement that plaintiff is entitled to compensation under the Michigan act. Roberts v. I. X. L. Glass Corp., 259 Mich. 644, 244 N.W. 188 (1932). The plaintiff has admittedly pursued his remedy under the act. Section 17.212 of Michigan Statutes Annotated, Compiled Laws 1948, § 416.1, provides:

> "If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

Thus an employee who asserts under the Compensation Act that an injury arose out of and in the course of his employment cannot thereafter maintain an action at law alleging the injury did not so arise. Morris v. Ford Motor Co., 320 Mich. 372, 31 N.W.2d 89 (1948). Nor can a dependent, after receipt of a compensation award, maintain an action at law on the theory of gross or "deliberate" negligence. Pfeifer v. G. M. C. Truck & Coach Division, 6 Cir., 255 F.2d 40 (1958).

The acceptance of benefits under the act then, in the absence of fraud, operates as a complete release to the employer of any law action which might otherwise remain unaffected by § 17.144. This court holds that a legal action in any other state would also be so released.

Therefore, in this case, even if the plaintiff should not be barred by § 17.144, he is barred upon receiving benefits by § 17.212.

This conclusion would be applicable in Ohio if the case were brought in that jurisdiction. An employee's compensation award in one state will act as res judicata in another state under the Full Faith and Credit Clause of the U. S. Constitution (Article IV, § 1). Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943). Likewise in this case, when an award is made in Michigan which provides that such award releases the employer from any demand at law, that provision will be acknowledged in Ohio as long as it is not repugnant to the public policy. Pacific Employers Insurance Co. v. Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939).

The policy of the employer's limited liability is not repugnant to Ohio since it has a similar provision, Section 4123.74 of the Ohio Revised Code, which provides that:

> "Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute * * *."

Therefore there would be no reason that Ohio would not enforce the Michigan statute as long as an award in Michigan has been made upon application of the plaintiff. See Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955). Ellis v. Garwood, supra, is not applicable since that case involved a subsequent action against a fellow employee, and not the employer. See 10 Western Reserve Law Review 318.

An appropriate order dismissing this action may be presented.