MINOR-DIETIKER v. MARY JANE STORES OF
MICHIGAN, INC.

1. JUDGMENT—SUMMARY JUDGMENT—EXISTENCE OF VALID DEFENSE
TO CLAIM.

Summary judgment may be granted where the opposing party
has failed to state a valid defense to the claim asserted against
him (GCR 1963, 117.2[2]).

2. APPEAL AND ERROR—PLEADINGS—SUMMARY JUDGMENT.

All of appellant's fact allegations must be considered as true on
appeal from order granting partial summary judgment (GCR
1963, 117.2).

3. LANDLORD AND TENANT—STATUTE OF FRAUDS—MODIFICATION OF
WRITTEN LEASE—NEW CONSIDERATION.

An oral contract to modify a written lease can be enforced,
where supported by new consideration (CL 1948, § 566.1).

4. SAME—STATUTE OF FRAUDS—ORAL MODIFICATION OF WRITTEN
LEASE.

Oral modification of a 15-year lease comes within statute of
frauds (CL 1948, § 566.132).

5. SAME—STATUTE OF FRAUDS—ORAL MODIFICATION OF WRITTEN
LEASE—ESTOPPEL.

Lessor accepting benefits of oral modification of 15-year lease is
estopped from claiming modification was void under statute of
frauds (CL 1948, § 566.132).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 340–342.
[2] 5 Am Jur 2d, Appeal and Error § 853.
[3] 49 Am Jur, Statute of Frauds § 301.
  32 Am Jur, Landlord and Tenant §§ 147, 149.
[4] 49 Am Jur, Statute of Frauds § 301.
  32 Am Jur, Landlord and Tenant §§ 133, 147, 149.
[5] 49 Am Jur, Statute of Frauds § 581.
[6] 49 Am Jur, Statute of Frauds §§ 581, 583.
  41 Am Jur, Pleading §§ 340–342.
[7] 49 Am Jur, Statute of Frauds § 301.
  32 Am Jur, Landlord and Tenant §§ 147, 149.

6. JUDGMENT—SUMMARY JUDGMENT—ESTOPPEL—ORAL MODIFICATION OF WRITTEN LEASE.

Proof of existence of oral modification agreement and consideration therefor to determine whether plaintiffs are estopped from claiming invalidity of oral agreement must go to trial and cannot be determined by a judge at hearing on motion for summary judgment.

7. LANDLORD AND TENANT—ORAL MODIFICATION OF WRITTEN LEASE—CONSIDERATION—STATUTES.

An oral modification of a 15-year lease, supported by a new consideration is not invalid under statute providing that modifications of leases in writing are not invalid for lack of consideration, since the statute does not apply (CL 1948, § 566.1).

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 October 5, 1965, at Detroit. (Docket No. 561.) Decided April 12, 1966. Leave to appeal denied by Supreme Court July 6, 1966. See 378 Mich 721.

Complaint by Minor-Dietiker, a partnership, Martha F. Dietiker, Marilyn Minor, and Wesley C. Dietiker against Mary Jane Stores of Michigan, Inc., a Delaware corporation, for damages for breach of a lease. Partial summary judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Jack N. Tucker* and *Goodman, Crockett, Eden, Robb & Philo,* for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (*Maurice S. Binkow* and *Asher Rabinowitz,* of counsel), for defendant.

LESINSKI, C. J. The appellant, Mary Jane Stores of Michigan, Inc., appeals from a partial summary judgment granted in favor of the appellees, Minor-Dietiker, a copartnership, consisting of Martha F. Dietiker, Marilyn Minor, and Wesley C. Dietiker,

individually, and as copartners. The dispute arose out of a lease agreement in which the appellees were landlords and the appellant was tenant. The lease agreement was for a term of 15 years commencing on February 15, 1958, and expiring on February 14, 1973, with minimum rentals of $600 per month. Beginning January, 1961, the appellant paid and the appellees accepted $300 monthly until September, 1964. In September of 1964, the lessors refused the $300 rental tendered and demanded $600 monthly. Upon the lessee's refusal to pay more than $300 per month, the lessors instituted suit to collect the difference in back rentals and to collect the rentals accruing after August, 1964 at $600 per month.

The plaintiffs initially instituted a garnishment proceeding and the defendant posted bond to terminate the garnishment proceedings and answered plaintiffs' pleadings. At this point in the proceedings the plaintiffs moved for partial summary judgment claiming that defendant had failed to state a valid defense to their demands for a $600 per month rental as stated in the written lease for the months for which defendant had tendered $300 and plaintiffs refused to accept. Defendant filed affidavits in reply to plaintiffs' motion and alleged that the rent reduction was made in accordance with an oral modification agreement accompanied by consideration. The consideration alleged was threefold. (1) Defendant agreed not to vacate the premises. (2) Defendant would pay arrearages on plaintiffs' mortgage. (3) Defendant's parent corporation would reaffirm defendant's guarantee to plaintiffs.

Upon contemplation of these allegations, the trial court granted plaintiffs' partial summary judgment in the sum of $1,800 for those months for which the lessee had tendered $300 and the lessors had refused to accept that as payment in full.

The basis for granting partial summary judgment is delineated in GCR 1963, 117.2. This rule contemplates in part the use of summary judgments where "the opposing party has failed to state a valid defense to the claim asserted against him." (GCR 1963, 117.2[2].) Thus, for its determination here, this Court must consider all of the lessee's fact allegations to be true and in the light of this determine if a judgment in plaintiffs' favor was proper.

The basic question the Court must face is whether an oral contract supported by new consideration can be enforced to modify a written lease. In other words, if all of the defendant's allegations are true, could he enforce the modification agreement even though that agreement is not in writing?

The law in Michigan on this point though sparse, clearly indicates that the defendant, if able to prove the agreement he alleges, would be able to enforce that agreement. In *Eisenberg* v. *C. F. Battenfeld Oil Co.* (1930), 251 Mich 654, the Supreme Court quoting from LRA1915B, 66 note, states at pp 656, 657:

" 'After an occupation of rented premises has begun and continued for a year and upwards, under a lease in writing for a 10-year term, and the tenant's covenant to pay the stipulated rent has been broken, an oral agreement between the landlord and tenant to abrogate the provision fixing the amount of rent payable, and substitute a new agreement reducing the amount of rent payable, where the tenant continues in possession and pays the reduced rent, is valid, the *continuing tenancy being a sufficient consideration for the new contract.*' " (Emphasis supplied.)

Under the doctrine espoused in the *Eisenberg Case,* the alleged oral agreement made by the Mary Jane Stores with their landlords, Minor-Dietiker,

would be valid and enforceable, as they have continued in their tenancy. They also allege additional consideration which would indicate a stronger case for finding validity of the oral modification agreement than in *Eisenberg.*

The statute of frauds comes under consideration in this case as the alleged contract was oral and not to be performed within one year, contrary to CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922). The Supreme Court of this State invoked the estoppel doctrine in favor of an injured party when the other party had enjoyed the fruits of an orally amended contract and then sought to invoke the statute of frauds to void the contract. The defendant in this case has raised the estoppel issue in his complaint, thus satisfying GCR 1963, 111.7. This estoppel doctrine was employed in *Zannis* v. *Freud Hotel Co.* (1932), 256 Mich 578, on facts similar to those before this Court. The plaintiff in *Zannis* leased a hotel dining room and the lease agreement stipulated that defendant was to do some major alterations and build a coffee shop adjacent to the dining room. An oral modification agreement was subsequently made in which plaintiff agreed to use the old coffee shop and not have the building altered. Plaintiff in a few years demanded the alterations required in the original lease agreement be made. In finding for the defendant that the oral modification did not violate the statute of frauds, the Court said at p 584:

"Had defendant claimed such verbal lease to be void under the statute of frauds, it would have been estopped for the same reason that we determine that plaintiffs are estopped from so claiming. The facts of the case, as confirmed by the verdict of the jury, establish the fact that a consideration was received and acted upon by each of the parties for the mod-

ification of the written lease. There is no question
but that the modification itself comes within the
statute of frauds, it being an oral change of a written
lease. *Abell* v. *Munson,* 18 Mich 306 (100 Am Dec
165). While the law of this State has consistently
held that an agreement required by the statute of
frauds to be in writing may not be substantially
altered by a verbal agreement, *it has also held that
parties may not accept the benefits from such altera-
tion and then claim the transaction is void."* (Em-
phasis added.)

The defendant, in the case at bar, should be al-
lowed to prove the facts alleging a modification
agreement and the consideration for same to deter-
mine if the plaintiffs thereby are estopped from
claiming the invalidity of the oral agreement if
made. This is a question that must go to trial and
cannot be determined by a judge sitting on motion
for partial summary judgment.

The remaining question before this Court is
whether CL 1948, § 566.1 (Stat Ann 1953 Rev § 26.-
978[1]) precludes the parties from making any oral
modification agreement. The statute in its relevant
parts reads as follows:

"An agreement * * * to modify * * * any
* * * lease * * * shall not be invalid because
of the absence of consideration: *Provided,* that the
agreement * * * modifying * * * shall not
be valid or binding unless it shall be in writing and
signed by the party against whom it is sought to
enforce the * * * modification."

The intention of this statute is not to make unen-
forceable all oral modification agreements, but only
those in which no valid consideration is alleged. An
oral modification agreement supported by new con-
sideration does not fall within the language of this
statute.

Consequently the facts as alleged in this case called for a denial of the motion for partial summary judgment under the grounds indicated in GCR 1963, 117.2.

Reversed and remanded for trial.   Costs to appellant.

FITZGERALD and J. H. GILLIS, JJ., concurred.