JOHNSON *v.* NATIONWIDE LIFE INSURANCE COMPANY.

1. JUDGMENT—RES JUDICATA—COLLATERAL ESTOPPEL.
   The distinction between *res judicata* and collateral estoppel has
   become muted with time and application.

2. WORKMEN'S COMPENSATION—RES JUDICATA—PARTIES.
   The doctrine of *res judicata* is applicable to a decision rendered
   in a workmen's compensation proceeding involving identical
   parties.

3. JUDGMENT—RES JUDICATA—COLLATERAL ESTOPPEL—PARTIES.
   Neither *res judicata* nor collateral estoppel apply to bar a party
   to litigation from thereafter relitigating issues determined
   therein as between himself and one who is a complete stranger
   to the prior proceedings.

4. WORKMEN'S COMPENSATION—NATURE OF REDEMPTION.
   Most redemptions of workmen's compensation liability after claim
   is filed are compromises of borderline or difficult cases, reached
   after each party has carefully weighed his respective situation
   against the possibility of winning or losing at trial, and are
   arrived at after each has decided to seek settlement rather
   than pursue high risk of not winning anything.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 329.
[2, 5, 6] 58 Am Jur, Workmen's Compensation §§ 492, 493.
[3, 5, 6] 30A Am Jur, Judgments §§ 393, 397.
[4] 58 Am Jur, Workmen's Compensation § 389 *et seq.*
[7] (no reference)
[8] 58 Am Jur, Workmen's Compensation § 231.
[9] 29A Am Jur, Insurance § 1159 *et seq.*
  Coverage and exclusions under hospital or medical service (Blue
  Cross-Blue Shield) contracts.   81 ALR2d 927.
  Construction and effect of provisions in life or accident insurance
  policies referring to "assault," "felony," "fighting," etc., by in-
  sured.   86 ALR2d 443.
[10] 29A Am Jur, Insurance §§ 1190–1193, 1201.

5. SAME—REDEMPTION—RES JUDICATA—COLLATERAL ESTOPPEL—PARTIES.

A redemption of workmen's compensation liability after claim is filed is a give-and-take proposition which is neither such a judicial pronouncement nor an adjudication as to give rise to *res judicata* or collateral estoppel in a subsequent lawsuit involving other than identical parties or their privies.

6. SAME—REDEMPTION—RES JUDICATA—COLLATERAL ESTOPPEL—PARTIES.

A stranger to a redemption of workmen's compensation liability after claim is filed is neither bound nor benefited by matters determined at such redemption, since it partakes of only bare settlement.

7. EVIDENCE—WORK-CONNECTED DISPUTE—PERSONAL DISPUTE—PASSAGE OF TIME.

It is error to assume that the sheer passage of time converts a work-connected dispute into a personal one, since the concept that a normal human being may, within minutes after a vicious quarrel, forget the entire matter and resume friendly relations with his antagonist is contrary to known facts about human behavior.

8. INSURANCE—FINDINGS OF FACT—WORKMEN'S COMPENSATION—SCOPE OF EMPLOYMENT—DISPUTES BETWEEN EMPLOYEES.

Findings of trial court in action to recover under noncontributory group major medical expense policy that a lapse of 15 to 20 minutes between a work-related dispute between plaintiff and his foreman and the subsequent stabbing of plaintiff by the foreman was a sufficient cooling off period to cause the stabbing to be the result of a personal dispute removed from the course of plaintiff's employment *held*, error, where the only testimony was that of plaintiff which was confused and contradictory on the question of whether the stabbing was the result of the prior work-related altercation, since there was nothing in the record to indicate that the emotions of the prior altercation had cooled, and it is contrary to normal human behavior for one to resume friendly relations with an antagonist within minutes after a vicious quarrel.

9. SAME—ACCIDENT AND HEALTH POLICY —EXCLUSIONS FROM COVERAGE—WORKMEN'S COMPENSATION—WORK-RELATED INJURY.

Judgment for plaintiff against defendant accident and health insurer under group policy for expenses incurred by plaintiff when stabbed by his foreman at work within 15 or 20 minutes after a prior work-related dispute with said foreman *held*,

error, where defendant's policy excluded injuries arising out of and in the course of employment and there was nothing in the record to indicate that the stabbing was not the result of the prior altercation or that the emotions generated thereby had cooled, since it is contrary to normal human behavior for one to resume friendly relations with an antagonist within minutes after a vicious quarrel.

10. SAME—ACCIDENT AND HEALTH POLICY—EXCLUSION FROM COVERAGE—WORK-RELATED INJURY—PERSONAL QUARREL.

Defendant accident and health insurer, whose group policy excluded liability for injuries arising out of or in the course of employment, *held*, not liable for expenses incurred by plaintiff when stabbed at work by his foreman within 15 or 20 minutes after a work-related quarrel, where there was nothing in the record to indicate that tempers had cooled following the prior altercation or that the stabbing was not a result thereof, since, under the circumstances, the injuries sustained by plaintiff arose out of and in the course of his employment.

Appeal from the Common Pleas Court of Detroit; Kent (George D.), J.   Submitted Division 1 April 6, 1967, at Detroit.   (Docket No. 2,735.)   Decided July 20, 1967.

Complaint by Theodore Johnson against Nationwide Life Insurance Company for medical expenses incurred by plaintiff when stabbed at work while allegedly outside the course of his employment. Judgment for plaintiff. Defendant appeals. Reversed.

*Harry Robert Bockoff,* for plaintiff.

*Michael J. Kelly* for defendant.

FITZGERALD, J.   On September 5, 1963, plaintiff was an employee of the People's Baking Company in Detroit. While on the job, he had gone to change fuses and upon returning, his foreman came up and

cursed him. Brief fisticuffs resulted, the plaintiff returned to his work, and the foreman departed. Fifteen or 20 minutes later, the foreman returned and, without warning, stabbed plaintiff first in the back and then twice in the chest with a screwdriver, requiring hospitalization, medical attention and surgery, which were billed directly to the plaintiff.

At the time, defendant insurance company had a noncontributory group policy with People's Baking, covering plaintiff's major medical expenses but excluding him if the accidental injury "arises out of or in the course of employment." Defendant was not employer's compensation carrier.

On September 30, 1963, plaintiff filed application for compensation in the workmen's compensation department, alleging that he was stabbed by his foreman while on the job and in the course of employment. Following a hearing at which plaintiff was the only witness, the referee approved a redemption in the total amount of $1,767. No appeal was taken.

The instant suit against defendant insurance company was begun in October of 1965 in the common pleas court for the city of Detroit claiming benefits under the group insurance policy. Defendant denied liability under the exclusionary clause in the policy providing that no benefits were payable for loss or expense caused by accidental bodily injury arising "out of or in the course of employment." Recovery gained under the previous redemption required a determination that the injury arose out of the course of employment.

Upon trial, plaintiff claimed that the injury did not in fact arise out of or in the course of employment because there was an interval of time between the original altercation with his foreman and the time when he was stabbed, namely 15 or 20 minutes,

A motion for directed verdict on plaintiff's opening statement was made by defendant and again at the close of plaintiff's proofs, both motions being denied. Defendant offered no testimony but did offer exhibits from the proceedings in the workmen's compensation action and the exclusionary provisions of the group insurance policy.

The court held that the plaintiff was not barred from attacking findings necessary to the redemption, *i.e.*, that the accident arose out of or in the course of plaintiff's employment because the action in the trial court was not between the same parties as the workmen's compensation action. The court further found as a matter of fact that the injury did not arise out of or in the course of employment because of the lapse of time, calling it a cooling off period, which removed it from the course of plaintiff's employment and created a private dispute. Judgment in favor of plaintiff against defendant insurance company was entered for the sum of $1,082.05 plus costs and attorney fees.

The insurance company now appeals, asking whether acceptance and payment under the workmen's compensation redemption order estopped plaintiff from collaterally attacking in the civil court proceeding the redemption order's holding that his injury arose out of or in the course of employment, and also questioning whether plaintiff's injury, in fact, did arise out of and in the course of his employment.

The matter before us stands in the following posture: Before the workmen's compensation department, plaintiff's injury was determined to arise out of and in the course of his employment; before the common pleas court, it was found not to arise out of or in the course of his employment.

The doctrine of *res judicata* and collateral estoppel fly through the pages of the record and the briefs of both parties with seemingly complete interchangeability. This is not to be wondered at since it has been acknowledged by many courts that the distinction has become muted with time and application. *Jones* v. *Chambers* (1958), 353 Mich 674 at 680. See, also, 88 ALR 574.

At the outset, we are met with the question of whether a workmen's compensation redemption partakes of the nature of that kind of judgment to which the doctrines of *res judicata* or collateral estoppel are applicable. As between identical parties, this matter has been settled as to *res judicata* by our Supreme Court in *Ayers* v. *Genter* (1962), 367 Mich 675, wherein it is stated, "It is clear that in this jurisdiction the doctrine of *res judicata* is applicable to a decsion rendered in workmen's compensation proceedings." Unlike *Ayers,* however, the parties in the instant appeal are *not* identical with those involved in the workmen's compensation proceedings.

That the doctrine of *res judicata* and collateral estoppel do not apply in a case such as the instant one was definitively settled by our Supreme Court in *Jordan* v. *C. A. Roberts Company* (1967), 379 Mich 235. Therein, the Court said, "There being no identity of the parties, the doctrine of *res judicata* is inapplicable." (Citing cases.) In the instant case, Nationwide Insurance was a complete stranger to the prior proceedings.

This result is further borne out by the nature of a redemption proceeding. Perhaps the best summarization of this character is found in *Wehmeier* v. *W. E. Wood Company* (1966), 377 Mich 176, 190.

" 'As is well recognized, redemptions serve their most important function in allowing compromises of borderline or difficult cases. Every business man,

every citizen, on occasion has a dispute or quarrel with someone else. Compromise is the lubricant that permits people to overcome interhuman frictions. No one knows better than lawyers about the cost of doing battle and the uncertainties incidental thereto. Almost all redemptions are compromises. The defendants' exposure is estimated in dollars and cents and the chances of the plaintiffs collecting all or part thereof by litigation are carefully weighed. The cost of past and future medical is included by the parties in computing the exposure. The compromise that extricates the plaintiff from a dangerous gamble, from the highly risky philosophy of "winner take all," is the redemption.' "

That this particular redemption was fraught with ultimate issues that neither side wished to have litigated is obvious from this portion of the transcript before the workmen's compensation referee:

"*Q.* (by Bockoff) I have given you to understand, Mr. Johnson, that in this particular workmen's compensation action there may be a valid legal defense by your former employer and his insurance that this might or might not have been an injury arising in and out of the course of the employment.

"*A.* (by the claimant) Right, sir.

"*Q.* You knew that there was—I have given you to understand that this was a disputable question, is that not correct?

"*A.* Right, sir."

Later, defendant's attorney, in summing up the situation, makes this following statement:

"In reference to whether it arose in and out of—there is a dispute as to whether or not he was an employee at the time his injury occurred. There's a contention of the employer that the employment was terminated prior to that time. So in addition to the fact that the amount involved is more than would be due at the present time, there is also a

legal question which plaintiff's counsel and I have discussed with reference to this particular case. For these reasons, I feel that in view of the amount of the redemption, in view of his return to work at such an early date and at equal or greater wages since then, that the redemption should have a favorable act of the department."

It is with this mind that we must observe that a redemption, give-and-take proposition that it is, is not such a judicial pronouncement nor even an adjudication as should raise *res judicata* or collateral estoppel in a subsequent lawsuit involving other than identical parties or their privies. A stranger to a redemption should be neither bound nor benefited by such as partakes of a bare settlement.

Given the holding that *res judicata* and collateral estoppel are not applicable to the instant case, does the award of the trial court pass muster in other respects?

The court made the following finding:

"The Court finds that this was an accidental bodily injury that did not arise out of or in the course of employment because of the lapse of time, and the time given for any person to cool off; that it thereafter became a private dispute, although occurring on plaintiff's job, but not in the course of plaintiff's employment, and therefore, the plaintiff does not come within the exclusionary clause of the policy, and is entitled to the benefits therein provided for."

Reviewing the material before the Court on which such a finding might be based, we are confronted with a record containing only plaintiff's own testimony, which is confused and contradictory on the question of whether or not the stabbing was the result of the prior altercation. To hold definitively that the lapse of 15 or 20 minutes, as indicated here, created a cooling off period removing the injuries

from the course of plaintiff's employment denies elemental human nature and is not supported by the record.

The testimony reveals only that plaintiff had changed a fuse, an act which was in the course of his employment. Upon returning to the job, he was confronted by his foreman and the altercation ensued. The foreman left, returned 15 or 20 minutes later, and without warning stabbed him with the screwdriver.

Two Michigan cases which at first blush might appear to be determinative in this matter are readily distinguishable. The first, *Marshall* v. *Baker-Vawter Company* (1919), 206 Mich 466, involved a lapse of 1 day from the original differences to the assault. *Horvath* v. *LaFond* (1943), 305 Mich 69, involved a 20-minute lapse between the altercation and the fatal assault, but unlike the instant case, the plaintiff in *Horvath* was the aggressor in the assault which culminated in his fatal shooting.

We feel that more applicable here is the view expressed in 1 Larson, Workmen's Compensation Law, § 11.13:

"The error in most of the cases denying compensation is the assumption that the sheer passage of time converts a work-connected dispute into a personal one. This is as much as to say that a normal human being, within minutes after a vicious quarrel, is to be expected to forget the whole matter and resume friendly relations with his antagonist—on penalty of being adjudged guilty of carrying on a purely personal quarrel from that point forward. The expectation of such saintly forbearance in ordinary men flies in the face of known facts about human behavior."

There is nothing in the record to indicate that the altercation, which obviously arose out of and in

the course of employment, had cooled. The stabbing, therefore, arose out of and in the course of plaintiff's employment. *Schultz* v. *Chevrolet Motor Company* (1932), 256 Mich 393; *Wyrwa* v. *Murray Corporation of America* (1936), 274 Mich 670; *Stewart* v. *Chrysler Corporation* (1957), 350 Mich 596 (by equally divided court).

The trial court's opposite finding was erroneous. Reversed. Costs to appellees.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.