**Floyd E. LOVELETTE and Alice Lovelette, Plaintiffs,**

**v.**

**Herman J. BRAUN and Morrison-Knudsen Company and Associates, Defendants.**

**Civ. No. 4229.**

United States District Court
D. North Dakota,
Northeastern Division.

Nov. 22, 1968.

Frank J. Kosanda, H. G. Ruemmele, R. Lee Hamilton, Grand Forks, N. D., and J. Russell Carroll, of Carroll & Perbix, Hopkins, Minn., for plaintiffs.

James R. Jungroth, of MacKenzie & Jungroth, Jamestown, N. D., for defendant Herman J. Braun.

Lowell A. O'Grady, of O'Grady, Edwards & Galloway, Grand Forks, N.D., for defendant Morrison-Knudsen Co. and Associates.

MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

As indicated in the Court's Memorandum and Order heretofore filed herein, the controlling issue is whether the plaintiff Floyd E. Lovelette and the de-

fendant Herman J. Braun were co-employees of the defendant Morrison-Knudsen Company and Associates within the meaning of the North Dakota Workmen's Compensation Act, Chapter 65–01, N.D.C.C., at the time the accident occurred out of which this litigation arose

The uncontroverted facts, as revealed in the record, are as follows:

Morrison-Knudsen, in order to secure trucks for the hauling of gravel and fill needed to complete its contract with the United States for the Grand Forks Air Base Minuteman Missile Sites project in North Dakota, issued various purchase order agreements to "truck brokers" under which the brokers were to furnish, as lessors, a specified number of trucks. The brokers were to be paid for the use of a truck either on a per hour basis or a designated amount per yard/mile of gravel or fill that a truck hauled each month. The agreement further provided that:

"All operators to be on Morrison-Knudsen Company & Associates payroll and wages back-charged to Lessor. Actual payroll, including applicable taxes and insurance, plus 2% will be deducted from Lessor's invoice for cost of maintaining payroll. Individual time cards to be kept on operators.

"If any of the above trucks are down due to mechanical failure, truck time stops until truck or trucks are repaired. Truck time will start when they are placed back in operation. All above trucks to be under the direction of Morrison-Knudsen Company & Associates.

"It is mutually understood by the parties hereto that all work hereunder will be performed in complete accordance with the Contractor's Project Stabilization Agreement."

On September 21, 1965, plaintiff Lovelette, after having previously been informed that he would be employed by Morrison-Knudsen, leased his truck to a broker for use on the stabilization project. This lease incorporated the same payment and deduction provisions as the lease between the broker and Morrison-Knudsen but contained the further provision that the broker was to receive 5% of the truck's gross earnings each month for his services. The plaintiff then applied to Morrison-Knudsen for employment and, after completing the necessary payroll informational forms, was placed on the company's payroll and assigned to operate his own truck. The defendant Braun had also entered into a similar arrangement and this was the state of affairs when, on November 2, 1965, a collision occurred between the truck owned and operated by Lovelette and the one owned and operated by Braun. Both operators received severe and permanent injuries as a result of the accident and both applied for and received, as employees of Morrison-Knudsen, benefits under the North Dakota Workmen's Compensation Act, Chapter 65–01 et seq., N.D.C.C.

On July 27, 1967, the plaintiff[1] commenced this action against the defendants, alleging in his complaint that he had suffered injuries as the result of the negligence of Braun, an employee of Morrison-Knudsen. Braun answered, denied being negligent, and counterclaimed for the injuries he had received. In his reply to Braun's counterclaim, the plaintiff alleged, as an affirmative defense, that the counterclaim was barred as a matter of law as both the plaintiff and Braun were co-employees and engaged in the course and scope of their employment at the time the accident occurred.[2]

Morrison-Knudsen entered a general denial of liability in its answer to the complaint and alleged, as an affirmative defense, the North Dakota Workmen's

1. Joining in the action is Alice Lovelette, who seeks to recover for loss of the consortium of her husband, Floyd E. Lovelette.

2. The plaintiff's reply to the counterclaim was apparently prepared by counsel representing the plaintiff on behalf of his insurer and, while an admission, is not considered by the Court as dispositive of the motion presented here.

Compensation Act as being a complete bar to plaintiff's cause of action.

There is now pending a motion in which both defendants seek summary judgment pursuant to Fed.Rules Civ. Proc. rule 56. The defendants contend that since the plaintiff applied for and received benefits under the North Dakota Workmen's Compensation Act as an employee of Morrison-Knudsen, the doctrines of *res judicata* or collateral estoppel are applicable and the defendants are entitled to judgment as a matter of law.

The plaintiff resists the motion on the theory that the undisputed facts reveal that he had paid his own workmen's compensation insurance premiums in that his wages, including applicable taxes and insurance, were deducted from his truck's gross earnings each month by Morrison-Knudsen and that a question exists as to their relationship, i.e. "a joint enterprise, an independent contractor's relationship, or master and servant."

The question then is whether the plaintiff, after seeking and obtaining benefits under the North Dakota Workmen's Compensation Act as an employee of Morrison-Knudsen injured in the course of his employment, can now be heard to assert the contrary.

The Act provides, § 65–05–03, N.D.C. C., that:

"Jurisdiction of bureau to hear questions within its jurisdiction—Finality of determination.—The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions, except as provided in chapter 65–10, shall be final and shall be entitled to the same faith and credit as a judgment of a court of record. Before an award for permanent disability can be made to a claimant, the bureau shall give notification in writing, by registered or certified mail, addressed to the employer of said claimant at his last known address, of their intention to make such award, outlining reasons and amount of such evaluation and giving the employer ten days in which

to file a written protest to such award. If such protest is registered by the employer, the bureau shall set a date of hearing to show cause, if any there be, why such award should not be made, and shall notify the employer of the date set, and the bureau shall order an examination of the claimant on or before the date set for the hearing by a duly qualified physician licensed to practice and practicing his profession in the state of North Dakota, designated by the employer."

Questions within the Bureau's jurisdiction are set forth in § 65–05–05, N. D.C.C., which reads as follows:

"Payments made to insured employees injured in course of employment and to their dependents.—The bureau shall disburse the fund for the payment of compensation and other benefits as provided in this chapter to employees, or to their dependents in case death has ensued, who:

1. Are subject to the provisions of this title;

2. Are employed by employers who are subject to this title; and

3. Have been injured in the course of their employment.

Where the injury is sustained outside the state of North Dakota and compensation is claimed and received through some other state act no compensation shall be allowed under this title."

Appeal from the Bureau's decision is provided for in § 65–10–01, N.D.C.C.:

"Appeal from decision of bureau—If the final action of the bureau denies the right of the claimant to participate at all in the fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, or if the bureau allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant, if such allowance is less than the maximum allowance provided by this title,

the claimant may appeal to the district court of the county wherein the injury was inflicted. An appeal involving injuries received under insurance provided under contracts with extraterritorial coverage shall be triable in the district court of Burleigh county. Such appeal shall be taken in the manner provided in chapter 28–32 of the title Judicial Procedure, Civil. In such a proceeding the state's attorney of the county wherein the appeal is taken without additional compensation shall represent the bureau. The clerk of court of the county within which the appeal is taken shall notify the state's attorney of the filing of such appeal."

Lastly, §§ 65–01–08 and 65–05–06, N. D.C.C., preclude actions against employers or co-employees:

"Contributing employer relieved from liability for injury to employee.— Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."

"Payment of compensation in lieu of right of action against employer.— The payment of compensation or other benefits by the bureau to an injured employee, or to his dependents in case death has ensued, shall be in lieu of any and all rights of action whatsoever against the employer of the injured or deceased employee."

While the North Dakota Supreme Court has not been called upon to decide the issue presented here, the majority of jurisdictions with similar Workmen's Compensation Acts have held that one who has applied for and received benefits under the Act is precluded from raising the question of his employment status in a later action against his employer. Hernsley v. United States, D. C., 279 F.Supp. 548; Knott v. Red Star Transit, Inc., D.C., 200 F.Supp. 203; LeJeune v. Gulf States Utilities Company, (Tex.Civ.App.1966) 410 S.W.2d 44; Bordeaux v. Ingersoll Rand Company, (Wash.1967) 429 P.2d 207; Skelly Oil Company v. District Court, (Okla.1964) 401 P.2d 526; and Johnson v. Nationwide Life Insurance Company, (1967) 7 Mich.App. 441, 151 N.W.2d 840. Cf. 122 A.L.R. 550 and 84 A.L.R.2d 1036.

■ The plaintiff's status as an employee of Morrison-Knudsen was conclusively settled by the Bureau's award and so, under §§ 65–01–08 and 65–05–06, he was no right of action against either defendant for injuries he received in the accident.

The next matter presented for determination is whether the substantive law of North Dakota allows a wife to maintain an action to recover for the loss of the consortium of her husband based upon the alleged negligence of a third party causing his injuries and, if so, is the North Dakota Workmen's Compensation Act a bar to such an action when the injured husband is under the coverage provisions of the Act.

■ Both questions have not been expressly considered or decided by the Supreme Court of North Dakota, but assuming that the law of North Dakota would allow Alice Lovelette to maintain an action for loss of consortium, see Annot., 23 A.L.R.2d 1378, it is clear that under § 65–01–08 she, as a beneficiary of Floyd E. Lovelette, has no right of action against his employer or co-employee. Josewski v. Midland Constructors (S.D.1953) 117 F.Supp. 681.

The objections of the defendant Morrison-Knudsen to the interrogatories served upon it by the plaintiffs are sustained, having been rendered moot, and the motion of the defendant Herman J. Braun to amend his answer and counterclaim is denied for the same reason.

The motion of the defendants, Herman J. Braun and Morrison-Knudsen Company and Associates, for summary

judgment against the plaintiffs, Floyd E. Lovelette and his wife Alice Lovelette, dismissing both plaintiffs' cause of action based upon injuries received by Floyd E. Lovelette must be, and the same hereby is, granted, and they are hereby dismissed.

It necessarily follows that the plaintiff, Floyd E. Lovelette, is entitled to summary judgment against the defendant, Herman J. Braun, dismissing the defendant's counterclaim based upon injuries he received in the accident, and it must be and is hereby dismissed.

There remains for consideration only the claim of the plaintiff, Floyd E. Lovelette, and the counterclaim of the defendant, Herman J. Braun, for damages to their respective trucks. A pretrial conference will be set when the Court schedule permits, at which time the plaintiff will be given an opportunity to establish that the jurisdictional amount required by § 1332, 28 U.S.C.A., is actually in controversy.