NEWKIRK v. MILLMAN BROTHERS, INC.

1. CONTRACTS—LEASE—ORAL MODIFICATION—CONSIDERATION.
An oral modification of a written lease will be effective if supported by independent consideration such as a promised performance not already required by the original lease.

2. CONTRACTS—LEASE—ORAL MODIFICATION—CONSIDERATION.
Oral promise by lessee to maintain occupancy of the premises, when such promise was not contained in the written lease, can be a distinct benefit to the lessor which would constitute new consideration for a reduction in rent.

3. CONTRACTS—LEASE—USE OF PREMISES—ORAL MODIFICATION OF LEASE—CONSIDERATION.
Clause in a written lease stating that it is agreed that the premises in question shall be used and occupied for a certain type of business and for no other purpose during the term of the lease *held*, not to be a promise to remain in occupancy of the premises; therefore a subsequent oral promise by the lessee to remain in occupancy is sufficient consideration for a reduction in the rent.

Appeal from Common Pleas Court of Detroit, John Patrick O'Brien, J. Submitted Division 1 November 14, 1968, at Detroit. (Docket No. 4,520.) Decided February 28, 1969.

Declaration by George C. Newkirk and Elsie S. Newkirk against Millman Brothers, Inc., a Michigan corporation, to recover money due under a lease.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 17 Am Jur 2d, Contracts § 469; 32 Am Jur, Landlord and Tenant § 133.

Judgment for plaintiffs.   Defendant appeals.   Reversed and remanded.

*James Thomson,* for plaintiffs.

*Arthur J. Hass,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and BEER,* JJ.

PER CURIAM.   The parties herein entered into a 15-year lease in 1959 with defendant Millman Brothers, as lessee, to operate a women's clothing retail store in plaintiffs Newkirks' building.   The lease called for $800 rent per month.   In 1963 defendant approached plaintiffs to effect a reduction in rent.   The parties disagree as to what exactly was said and understood between them as to the significance and duration of the reduction, but the trial court did not reach these issues and they are not before us on this appeal.   What is significant is that plaintiffs accepted $600 rent payments until 1967, when plaintiffs returned the May and June checks made out for that amount and instituted this action to collect $800 rent for each of the 2 months, or $1600 total.

The trial judge gave judgment for plaintiffs in a brief decision reproduced here in its entirety:

"Judgment for the plaintiff for $1600 based on *Green* v. *Millman Brothers, Inc.* (1967), 7 Mich App 441 (sic),[1] which distinguishes the case cited

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] The correct citation is 7 Mich App 450.  [This error is frequent if the running head on a left-hand page carries the citation for a case ending on that page when another case starts on the same page. Beginning with 14 Mich App, running heads refer to the case *starting* on a page, not one ending on it.—REPORTER.]

by defendant of *Minor-Dietiker* v. *Mary Jane Stores of Michigan, Inc.* (1966), 2 Mich App 585.

"In the case here before the court, the defendant obligated himself to remain in possession as well as to pay rent during the original lease period. Not so in *Minor-Dietiker, supra,* as pointed out in that decision. Therefore, here there was no consideration for a new contract; therefore, the court need not consider the facts pertaining to that alleged modification of the lease."

The trial judge correctly identified the 2 cases from our Court which control the issue here, but he has applied them incorrectly to the facts of this case and we must therefore reverse.

Like the present case, *Minor-Dietiker* and *Green* dealt with alleged oral modifications of a lease. In *Minor-Dietiker,* the Court pointed out that an oral modification of a written lease will be effective if supported by independent consideration such as a promised performance not already required by the original lease. In *Green,* it was explained that the new consideration in *Minor-Dietiker* was the lessee's promise to remain in possession. The original lease did not require the lessee to maintain occupancy, only to pay the specified rent, so his later promise not to vacate could be a distinct benefit to the lessor which would constitute new consideration for the reduction in rent. In *Green,* there was a definite promise in the original lease to "operate 100% of the leased premises during the entire term of the lease," 7 Mich App 450, 456. Thus a later promise to remain in possession could not be new consideration for a rent reduction because the lessee was already bound by the lease to "operate 100%."

The determination of whether there was new consideration to support a rent reduction thus turns, in *Minor-Dietiker,* in *Green,* and in the case before

us, on a construction of the language of the original lease to see what was promised therein.

The trial judge decided that in this case the original lease bound lessee to remain in possession as well as to pay rent, and that this fact distinguishes the instant case from *Minor-Dietiker,* where lessee was not so bound. The problem with this conclusion is that the lease in this case is identical in its relevant part to the lease in *Minor-Dietiker.* It is in fact the Detroit real estate board form 113–A, business property lease, clause 11, which reads as follows:

"It is understood and agreed between the parties hereto that said premises during the continuance of this lease shall be used and occupied for *(type of business)* and for no other purpose or purposes without the written consent of the landlord."

*Minor-Dietiker* held that this language is not a promise to remain in possession, and we see no reason to change that holding. We must, therefore, hold on the facts of this case that if there was an oral agreement by which plaintiffs agreed to reduce the rent and defendant promised to remain in possession, if defendant's promise was not part of the original lease then it would constitute valid consideration for the reduction of rent. Since the trial judge did not determine these factual issues, we must remand for further proceedings consistent with this opinion.

Reversed and remanded. Costs to appellant.