## LOCK v. JACKSON

1. NEGLIGENCE—WORKMEN'S COMPENSATION—EVIDENCE—PAYMENTS
—ADMISSIBILITY.

   Evidence concerning receipt of workmen's compensation by an
   injured employee should not be admitted in a negligence
   trial against a third-party defendant but the rule does not
   apply when there is an issue as to whether the action is
   against a third-party defendant.

2. NEGLIGENCE—WORKMEN'S COMPENSATION—ELECTION OF REMEDIES.

   An employer may always show that an employee has proceeded
   against the employer under the Workmen's Compensation Act
   and is precluded from bringing a common law negligence
   action (MCLA § 411.10).

3. NEGLIGENCE — WORKMEN'S COMPENSATION — CLAIM — EVIDENCE —
ADMISSIBILITY.

   A defendant in a negligence action may introduce, in support
   of a motion for accelerated judgment or as a defense, work-
   men's compensation proceedings showing that plaintiff had
   filed a claim against him, as an employer, and had requested
   and was granted a redemption award on that claim.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 61, 63.
   29 Am Jur 2d, Evidence § 624.
[2] 58 Am Jur, Workmen's Compensation § 48.
[3, 4] 58 Am Jur, Workmen's Compensation § 59.

4. NEGLIGENCE — WORKMEN'S COMPENSATION — CLAIM — EVIDENCE — ADMISSIBILITY.

Workmen's compensation proceedings showing that plaintiff had received a redemption award as an employee of defendant company was admissible for the purpose of determining whether plaintiff and defendant truck driver were co-employees of defendant company, thus precluding plaintiff from bringing a negligence action against defendants for injuries arising from the same collision for which he had received that award (MCLA §§ 411.4, 413.15).

5. CONTRACTS—LEASES—MASTER AND SERVANT.

Leases between defendant company and motor vehicle owners, including plaintiff and defendant truck driver, which specified that only company employees should drive the leased equipment, made plaintiff a company employee and co-employee of defendant truck driver where both were operating company-leased vehicles at the time of collision.

6. WORKMEN'S COMPENSATION—MASTER AND SERVANT—CLAIM DETERMINATION.

A claimant in workmen's compensation proceedings confers upon that department the exclusive right to determine any employer-employee relationship.

Appeal from Cass, David Anderson, Jr., J. Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 5,294.) Decided October 2, 1969.

Complaint by Chester C. Lock against Floyd Lee Jackson and R. W. Express, Inc., a Michigan corporation, to recover for injuries sustained in a collision between motor vehicles leased to defendant corporation and operated by plaintiff and defendant Jackson. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*James Thomas Sloan, Jr.* and *Jerry J. O'Connor*, for plaintiff.

*James & Dark* (*Howard W. Green*, of counsel), for defendants.

Before: Quinn, P. J., and Holbrook and T. M. Burns, JJ.

Holbrook, J.   This case involves a truck accident which occurred on March 24, 1964. Plaintiff, Chester C. Lock, was the operator of a tractor-trailer leased to defendant R. W. Express, Inc., a Michigan corporation, (also referred to herein as company) by the owner, Merle R. Nash. Nash had requested plaintiff to operate said tractor-trailer during a period of time when Nash was incapacitated. By the terms of his lease with defendant R. W. Express, Inc., Nash agreed that vehicles leased to R. W. Express, Inc. were to be under the company's direct supervision and control and were to be operated only by employees of that company. At this time there was also in effect an identical lease executed by plaintiff, Chester C. Lock, as owner of certain equipment, and R. W. Express, Inc., providing that the operation of Lock's equipment was to be under the company's direct supervision and control and to be operated only by the employees of the company.

Defendant Floyd Lee Jackson, owner and operator of a fleet of tractor-trailers, had also leased his equipment to R. W. Express, Inc. under the same terms as had Lock, the plaintiff. Jackson was operating one of his leased vehicles on March 24, 1964, when it struck the rear of the vehicle being operated by plaintiff. This collision occurred in the northbound lane of highway US 27 approximately one mile north of Girard road in Girard township, Branch county, Michigan.

Suit was commenced by plaintiff against both defendants in the circuit court of Cass county on June 10, 1965, for the injuries sustained by plaintiff in the accident. Defendants filed motions for sum-

mary judgment on July 16, 1965, and August 5, 1965, claiming that plaintiff's complaint failed to state a legal cause of action; that at the time of the accident both plaintiff and defendant Jackson were employees of R. W. Express, Inc.; and that on March 18, 1965, a redemption settlement was authorized before the workmen's compensation department, whereby R. W. Express, Inc., paid plaintiff $7,000 in settlement of his workmen's compensation claim.[1]   Defendants' motions were supported by affidavits.   On August 13, 1965, plaintiff filed objections to defendants' motions for summary judgment together with his affidavit claiming he was the employee of Merle Nash, an uninsured contractor, and not a co-employee with Floyd Jackson, nor an employee of defendant R. W. Express, Inc.   The motions for summary judgment were denied September 13, 1965, without prejudice to the defendants' right to file a motion for accelerated judgment.

An amended complaint was filed by plaintiff on August 26, 1965, and an answer by defendants was filed on September 13, 1965, including an affirmative defense alleging that both plaintiff Lock and defendant Jackson were employees of R. W. Express, Inc., on March 24, 1964, and that plaintiff was, as a result, limited to the exclusive remedy provided in the workmen's compensation act, MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) and MCLA § 411.4 (Stat Ann 1968 Rev § 17.144).

On March 3, 1967, defendants filed a motion for accelerated judgment.   The Cass county circuit court in an order filed on July 18, 1967, ordered that the motion for accelerated judgment be denied,

---

[1] The records disclose that plaintiff filed on September 1, 1964, an application for hearing and adjustment of claim in the workmen's compensation department naming plaintiff as employee and defendant company as employer.   A redemption order on this claim was filed March 18, 1965.

"and the matter postponed until hearing can be had on the merits." At a hearing on the motion, December 14, 1967, plaintiff's counsel requested the circuit court to rule on the admissibility into evidence of the workmen's compensation file. The court ruled that the workmen's compensation department file could be admitted into evidence; that plaintiff Lock and defendant Jackson were co-employees of defendant company and that the exclusive remedy for plaintiff would be under the workmen's compensation act; that this action at law is barred, and that inasmuch as plaintiff applied for, and received, compensation from R. W. Express, Inc., as employer, he is barred under MCLA § 411.10 (Stat Ann 1968 Rev § 17.150), from maintaining an action for negligence against defendant company. Judgment was entered in conformity with the court's ruling. Plaintiff has taken this appeal and raises two questions for determination, which we restate in our own words and consider in proper order.

1. *Where a plaintiff asserts a cause of action against a defendant in the circuit court for injuries allegedly caused by defendant's employee, can such defendant introduce in support of a motion for accelerated judgment or as a defense in the case the records and file of the Michigan workmen's compensation department showing that plaintiff had filed a claim against the same defendant and had requested and was granted a redemption award on his claim?*

This case is not controlled by the case of *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194, which states that the present rule of law is to the effect that evidence concerning receipt of workmen's compensation payments by an injured workman and his dependents should not be admitted

in the trial of a negligence case against a third-party defendant. In the instant case, the issue concerns whether the action *is against* a third-party defendant. An employer-defendant may always show that an employee-plaintiff has proceeded against the employer under the workmen's compensation act and is precluded from bringing a common-law action in the courts. *Husted* v. *Consumers Power Company* (1965), 376 Mich 41.

2. *Was plaintiff an employee of the defendant company and a co-employee of defendant tortfeasor, Floyd Lee Jackson?*

The plaintiff in his proceedings against the defendant company before the workmen's compensation department alleged that he was the employee of defendant company. He did state, later in the proceedings, through his attorney, that he would not admit that he was an employee of the defendant company. At his request an additional employer, Merle Nash, was added to the entitlement of the matter. Mr. Nash did not carry workmen's compensation insurance. Plaintiff's claims in the circuit court as contained in his complaint were to the effect that the accident in which he received his injuries was caused by the tortfeasor, Jackson, who was operating a leased vehicle controlled by the defendant company. In the trial court he asserted that he was not an employee of the defendant company but an employee of Merle Nash. He further asserted that Jackson was not an employee of defendant company. These assertions are not substantiated in the record. In fact the contrary appears from the three identical lease agreements executed by Lock, plaintiff herein; Merle Nash, Lock's purported employer; and Jackson, the tortfeasor, with the defendant company. In each of these leases the following appears:

"It is mutually agreed that the operation of all leased vehicles and equipment shall be under the direct supervision and control of company and shall be operated only by employees of the company."

All three (Lock, Nash and Jackson) became employees of the R. W. Express Company, Inc., under the terms of their leases and each agreed with defendant company that their equipment would only be operated by an employee of defendant company. Plaintiff does not deny knowledge of the fact that Nash had entered into a lease agreement similar to his with defendant company. The fact that he was an employee of defendant company is fortified by the workmen's compensation file and transcript. By proceeding before the workmen's compensation department and naming the defendant company as employer, he conferred upon that department the exclusive right to determine the employee-employer relationship. Although he had his claim redeemed without a specific determination at his option, plaintiff's remedy, including a determination of the employer-employee relationship, properly belonged to the workmen's compensation department where he had filed his claim. *Herman* v. *Theis* (1968), 10 Mich App 684; *Maiuri* v. *Sinacola Construction Company* (1968), 12 Mich App 22; *Wehmeier* v. *W. E. Wood Company* (1966), 377 Mich 176; and *Johnson* v. *Nationwide Life Insurance Company* (1967), 7 Mich App 441.

Under the facts in this case, the trial court's determination that plaintiff Lock and defendant Jackson were employees of defendant R. W. Express, Inc., was proper.

The accelerated judgment in favor of defendants is affirmed.

Costs to defendants.

All concurred.